Brett N. Huff - CO State Bar No. 32071
bhuff@huffandleslie.com
Huff & Leslie, LLP
2480 Gray Street
Edgewater, Colorado 80214
Telephone: (303) 232-3622
Facsimile: (303) 274-0638

*Counsel for Plaintiffs Roger Pearson
and Lonnie McRae, and all others
similarly situated*

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

| | |
|---|---|
| ROGER PEARSON and LONNIE MCRAE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CEICO CASUALTY COMPANY, a Maryland Corporation; and DOES 1-10, inclusive,<br><br>Defendants | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**1: Violation of Colorado Revised Statutes ("C.R.S.") § 10-3-1115, *et seq.* (unreasonable delay/denial of payment for benefits owed by insurer)**<br><br>**2: Violation of Colorado Deceptive Trade Practices Act, C.R.S. § 6-1-105, *et seq.***<br><br>**3: Bad Faith Breach of Insurance Contract**<br><br>**JURY TRIAL DEMANDED** |

1

**CLASS ACTION COMPLAINT**

2589-1: 174915

Plaintiffs ROGER PEARSON ("MR. PEARSON") and LONNIE MCRAE ("MR. MCRAE"), on behalf of themselves and all others similarly situated, allege the following:

## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than the Defendants. *See* 28 U.S.C. § 1332(d)(2)(A).

2. This Court also has personal jurisdiction over Defendants because Defendants are authorized to do business, and currently do business, in this state.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant GEICO CASUALTY COMPANY ("GEICO") has conducted business in this District and is subject to personal jurisdiction and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

4. Plaintiff, MR. PEARSON, at all relevant times herein, was and is a citizen and resident of the State of Colorado. MR. PEARSON obtained automobile insurance from GEICO which covered the 2015 calendar year, for a LEXUS ES 350 personal automobile he owned with MR. MCRAE. MR. PEARSON and MR. MCRAE jointly obtained automobile insurance from GEICO which covered the 2015 calendar year, for a LEXUS RX 350 personal automobile they owned.

5. Plaintiff, MR. MCRAE, at all relevant times herein, was and is a citizen and

2

**CLASS ACTION COMPLAINT**

2589-1: 174915

resident of the State of Colorado. MR. MCRAE and MR. PEARSON jointly obtained automobile insurance from GEICO which covered the 2015 calendar year, for a LEXUS RX 350 personal automobile they owned.

6. Defendant GEICO is a Maryland corporation, with its corporate headquarters located in the State of Maryland. GEICO also conducts a substantial amount of business nationwide, including in Colorado.

7. Plaintiffs are unaware of the true names and capacity of the defendants sued as DOES 1-10, and therefore sue these defendants by fictitious names. Plaintiffs will seek leave to amend this Complaint when and if the true identities of these DOE defendants are discovered. Plaintiffs are informed and believe and thereon allege that each of the defendants designated as a DOE is responsible in some manner for the acts and occurrences alleged herein, whether such acts or occurrences were committed intentionally, negligently, recklessly or otherwise, and that each said DOE defendant thereby proximately caused injuries and damages to Plaintiffs and the Class as herein alleged, and is thus liable for Plaintiffs' and the Class's injuries.

8. At all times herein mentioned, Defendants, and each of them, were the agents, principals, servants, employees, and subsidiaries of each of the remaining Defendants, and were at all times acting within the purpose and scope of such agency, service, and employment, and directed, consented, ratified, permitted, encouraged, and approved the acts of each remaining defendant.

## PRELIMINARY ALLEGATIONS

9. This action arises out of GEICO's practice of unlawfully failing to pay its insureds – specifically holders of GEICO automobile insurance policies – certain statutory mandated fees in the event an automobile accident or other event results

1. in a total loss determination by GEICO for the insured's vehicle. The specific statutory fees GEICO uniformly fails to pay as part of its normal business practices are mandated by Colorado Revised Statutes ("C.R.S.") § 10-4-639(1), and include, without limitation, title and registration fees associated with a motor vehicle's total loss.

10. MR. PEARSON obtained an automobile insurance policy from GEICO covering the 2015 calendar year for the LEXUS ES 350 automobile he owned with MR. MCRAE during that time period. The policy provided for coverage in the event of total loss of the motor vehicle.

11. On or about August 3, 2015, Plaintiffs' LEXUS ES 350 caught fire in a parking lot. Subsequently, MR. PEARSON submitted a claim to GEICO based on the insurance policy he had obtained from GEICO for the LEXUS ES 350.

12. In a document dated September 1, 2015, GEICO provided MR. PEARSON with a "Total Loss Settlement Explanation". GEICO apparently determined during its investigation the LEXUS ES 350 was a total loss as a result of the fire, and provided MR. PEARSON with an accounting of the insurance benefits it would pay him in light of the total loss. The "Total Loss Settlement Explanation" related to the total loss of the LEXUS ES 350 is attached hereto as "Exhibit 1".

13. As stated in the "Total Loss Settlement Explanation," GEICO did not agree to pay MR. PEARSON title and registration fees associated with the total loss of the LEXUS ES 350. To date, GEICO has not paid the policy holder, MR. PEARSON, any such title and registration fees.

14. MR. PEARSON and MR. MCRAE obtained an automobile insurance policy from GEICO covering the 2015 calendar year for the LEXUS RX 350 automobile

4

**CLASS ACTION COMPLAINT**

2589-1: 174915

they owned during that time period. The policy provided for coverage in the event of total loss of the motor vehicle.

15. On or about November 27, 2015, Plaintiffs' LEXUS RX 350 was involved in an accident. Subsequently, MR. PEARSON submitted a claim to GEICO based on the insurance policy he and MR. MCRAE had obtained from GEICO for the LEXUS RX 350.

16. In a document dated December 31, 2015, GEICO provided MR. PEARSON with a "Total Loss Settlement Explanation". GEICO apparently determined during its investigation the LEXUS RX 350 was a total loss as a result of the accident, and provided MR. PEARSON with an accounting of the insurance benefits it would pay him in light of the LEXUS RX 350 total loss. The "Total Loss Settlement Explanation" related to the total loss of the LEXUS RX 350 is attached hereto as "Exhibit 2".

17. As stated in that document, GEICO did not agree to pay MR. PEARSON title and registration fees associated with the total loss of the LEXUS RX 350. To date, GEICO has not paid the policy holders, MR. PEARSON or MR. MCRAE, any such title and registration fees.

18. Upon information and belief, Plaintiffs allege GEICO has denied insurance benefits it owed to similarly situated GEICO automobile policy holders in violation of C.R.S. § 10-3-1115 (which requires that insurers not unreasonably delay or deny payment of a claim for benefits owed), by failing to pay them title and registration fees associated with the total loss of a motor vehicle, as mandated by C.R.S. § 10-4-639(1).

**CLASS ACTION COMPLAINT**
2589-1: 174915

# CLASS ACTION ALLEGATIONS

19.   Plaintiffs MR. PEARSON and MR. MCRAE bring this action on behalf of themselves and all others similarly situated, as members of the proposed Colorado class (collectively hereafter the "Class") defined as follows:

> **Colorado Class**:  All persons who resided in Colorado and had obtained an automobile insurance policy with GEICO providing for coverage in the event of a total loss of the vehicle, and whose insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by GEICO the vehicle was a total loss upon a claim being made by the policy holder, and to whom GEICO did not pay title and registration fees as part of the claim made, within two years of the filing of the original complaint to the present. Specifically excluded from the proposed Class are Defendants, any entities in which Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, successors, subsidiaries and/or assigns of Defendants, and any Judge who may be assigned to this matter.

20.   This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3).  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

21.   [Fed. R. Civ. P. 23(a)(1)]  The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities

of Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe the Class includes many thousands of members.

22. [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    A. Whether Defendants provided automobile insurance coverage to Plaintiffs and the putative class, which covered total vehicle loss in the event of a motor vehicle accident or other event;

    B. Whether Defendants failed to pay title and registration fees to Plaintiffs and the putative class after making a determination an insured vehicle was a total loss as a result of a motor vehicle accident or other event;

    C. Whether Defendants misrepresented and/or failed to disclose material facts about the automobile insurance policies at issue;

    D. The nature and extent of damages and other remedies to which the conduct of Defendants entitles the Class members.

23. [Fed. R. Civ. P. 23(a)(3)] Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and all members of the Class have sustained injury and are facing harm arising out of Defendants' common course of conduct

as complained of herein. The losses of each member of the Class were caused directly by Defendants' wrongful conduct as alleged herein.

24. [Fed. R. Civ. P. 23(a)(4)] Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

25. [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

26. [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, whether a policy provided for insurance coverage in the event of the total loss of the vehicle.

27. [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them

that would, as a practical matter, substantially impair or impede the ability of such non-party Class members to protect their interests.

28. [Fed. R. Civ. P. 23(b)(2)] Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(Violation of C.R.S. 10-3-1115, *et seq.*)**

**(By Plaintiffs and Putative Class Against All Defendants)**

29. Plaintiffs and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

30. Plaintiffs and the Class obtained automobile insurance policies from GEICO which provided for insurance coverage in the event of the total loss of the vehicle.

31. Plaintiffs and the Class members submitted claims for automobile insurance coverage to GEICO after the insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by GEICO the vehicle at issue was a total loss.

32. C.R.S. § 10-4-639(a) provides in relevant part that an insurer shall pay title fees and any other registration fees associated with the total loss of a motor vehicle.

33. C.R.S. § 10-3-1115(1)(a) provides in relevant part that a person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

34. Despite its own determination the insured vehicles of Plaintiffs and the Class Members were total losses, when claims were submitted by Plaintiffs and the Class

9

**CLASS ACTION COMPLAINT**

2589-1: 174915

Members after a motor vehicle accident or other event resulted in damage to their property, GEICO failed to pay title and registration fees required by C.R.S. § 10-4-639(a), and therefore violated the express language of that statute.

35. Additionally, GEICO's failure to make such payments were a violation of C.R.S. § 10-3-1115(1)(a), as an unreasonable delay and/or denial of a claim for insurance benefits GEICO owed Plaintiffs and the Class Members. GEICO had no reasonable basis to deny making these payments.

36. Furthermore, GEICO's violations of Colorado's insurance codes provide for a private right of action under C.R.S. § 10-3-1116(a), the recovery of attorney's fees and costs and two times the covered benefit.

37. Moreover, because Defendant acted wantonly, maliciously, oppressively, recklessly, and deliberately, for the purpose of enriching themselves at Plaintiffs' and Class members' detriment, Defendant's conduct warrants substantial punitive and exemplary damages in an amount to be determined at trial

38. As a result of the foregoing, Plaintiffs and the Class members have been damaged in an amount to be proven at trial.

## CLAIMS FOR RELIEF

## SECOND CLAIM FOR RELIEF

**(Violation of C.R.S. § 6-1-105, *et seq.*)**

**(By Plaintiffs and Putative Class Against All Defendants)**

39. Plaintiffs and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

40. Colorado's Consumer Protection Act, C.R.S. § 6-1-105, *et seq.* ("CCPA"), provides an individual may maintain a private civil action against a company engaged in the sale of services for violations of the CCPA's provisions.

41. Plaintiffs allege GEICO violated the CCPA by, *inter alia*, failing to disclose material information about the automobile insurance policies it provided to Plaintiffs and the Class Members under C.R.S. § 6-1-105(1)(u), i.e. by failing to disclose GEICO did not, as a uniform business practice, pay title and registration fees associated with a total vehicle loss.

42. As a result of GEICO's deceptive business practices, Plaintiffs and the Class Members have suffered damage and lost money in that they paid for insurance services they otherwise would not have had the truth been disclosed, in an amount to be proven at trial. Plaintiffs seek an order enjoining GEICO from continuing to engage in the deceptive practices alleged herein.

## CLAIMS FOR RELIEF

## THIRD CLAIM FOR RELIEF

**(Bad Faith Breach of Insurance Contract)**

**(By Plaintiffs and Putative Class Against All Defendants)**

43. Plaintiffs and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

44. GEICO's failure to pay title and registration fees associated with a total loss to its automobile insurance customers in Colorado, as mandated by C.R.S. § 10-4-639(a), was not reasonable conduct for an established automobile insurer such as GEICO.

45. As an established automobile insurer offering policies in Colorado, GEICO knew of or recklessly disregarded the fact that its failure to pay title and registration fees associated with the total loss of an insured motor vehicle in Colorado, based on C.R.S. § 10-4-639(a)'s mandate, was unreasonable.

46. As an established automobile insurer offering policies in Colorado, GEICO

also knew of or recklessly disregarded the fact that its delay and/or denial of payments owed to Plaintiffs and Class members, in violation of C.R.S. § 10-3-1115(1)(a), was unreasonable.

47. Moreover, because Defendant acted wantonly, maliciously, oppressively, recklessly, and deliberately, for the purpose of enriching themselves at Plaintiffs' and Class members' detriment, Defendant's conduct warrants substantial punitive and exemplary damages in an amount to be determined at trial

48. As a result of the foregoing, Plaintiffs and the Class members have been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other persons similarly situated, pray for judgment against GEICO as follows:

1. An Order certifying the Class and any sub-classes thereof that the Court may deem appropriate, and appointing Plaintiffs ROGER PEARSON and LONNIE MCRAE, and their counsel, to represent the Class;

2. An award of general damages according to proof;

3. Injunctive relief;

4. Attorneys' fees;

5. Two times the covered benefit under C.R.S. § 10-3-1116(a);

6. Triple damages under C.R.S. § 6-1-105, *et seq.*;

7. Statutory damages;

8. Exemplary and punitive damages;

9. Costs of suit; and

10. Any other relief the Court deems proper.

12
**CLASS ACTION COMPLAINT**

2589-1: 174915

| | |
|---|---|
| DATED: : September 1, 2017 | Respectfully submitted, |
| | HUFF & LESLIE LLP |
| | By:  /s/ Brett N. Huff<br>BRETT N. HUFF |
| | *Counsel for Plaintiffs Roger Pearson and Lonnie McRae, and all others similarly situated* |

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury by jury as to all claims so triable.

| | |
|---|---|
| DATED: : September 1, 2017 | Respectfully submitted, |
| | HUFF & LESLIE LLP |
| | By:  /s/ Brett N. Huff<br>BRETT N. HUFF |
| | *Counsel for Plaintiffs Roger Pearson and Lonnie McRae, and all others similarly situated* |