**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 17-cv-02116-CMA-MEH

ROGER PEARSON, on behalf of himself and all others similarly situated, and ,
LONNIE MCRAE, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

GEICO CASUALTY COMPANY,

    Defendant.

---

**ORDER ISSUING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT**

---

This matter is before the Court *sua sponte* pursuant to Federal Rule of Civil Procedure 56(f). On June 3, 2019, this Court directed Plaintiffs Roger Pearson and Lonnie McRae to show cause as to why their claims in this case are not barred by the doctrine of accord and satisfaction. (Doc. # 86.) Plaintiffs filed a Response and supporting evidentiary exhibits on June 17, 2019. (Doc. ## 87–90.) Defendant Geico Casualty Company filed a Reply in accordance with this Court's Order on June 25, 2019. (Doc. ## 91, 92.) Having thoroughly reviewed the underlying briefing, pertinent record, and applicable law, the Court issues summary judgment in favor of Defendant.

### I.    BACKGROUND

This case involves an insurance dispute arising out of Defendant's alleged failure to pay its insureds certain fees while settling total loss auto physical damage claims. Specifically, Plaintiffs allege that Defendant failed to pay them the full amount of title

and registration fees associated with the total loss of their insured vehicles in violation of Colorado law. (Doc. # 63 at 2.)

Plaintiffs assert that, after Defendant declared their insured vehicles a total loss, Defendant "did not seek information from Plaintiffs regarding the actual title and registration fees Plaintiffs incurred on the vehicles during the registration period in which the total loss event occurred" and, therefore, Defendant did not "determine the actual amount of title and registration fees Plaintiffs had paid." (*Id.*) Rather, Defendant paid Plaintiffs a flat fee of $26.50 in "State and Regulatory Fees," which was insufficient to cover the fees Plaintiffs had incurred. (*Id.* at 3.)

It is undisputed that Plaintiffs engaged in settlement discussions with Defendant regarding their insurance claims. Notably, at the time it tendered the settlement payment, Defendant informed Plaintiffs that the "[n]et settlement amount is the Base Value of your vehicle plus any applicable fees and adjustments." *E.g.* (Doc. # 89-2 at 2). It is undisputed that Plaintiffs accepted the tendered payment in settlement of Plaintiffs' claims.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbot Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the party facing summary judgment. *Allen v. Muskogee, Okl.*, 118 F.3d 837, 839 (10th Cir. 1997). When conducting a summary judgment inquiry, a court

may not resolve issues of credibility, and must view the evidence in the light most favorable to the party facing summary judgment—including all reasonable inferences from that evidence. *Id*. However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251–52 (1986).

"It is apodictic that district courts have the power to grant summary judgment sua sponte." *Berkovitz v. Home Box Office, Inc.*, 89 F.3d 24, 29 (1st Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)) (further citation omitted); *see also Oldham v. O.K. Farms, Inc.*, 871 F.3d 1147, 1150 (10th Cir. 2017). Specifically, Rule 56 of the Federal Rules of Civil Procedure provides that "[a]fter giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3).[1] "The emphasis on 'notice' and an 'opportunity to respond' ensures that a party can present evidence showing a genuine issue of material fact to defeat summary judgment." *Jones v. State Farm Mut. Auto. Ins. Co.*, 653 F. App'x 598, 608 (10th Cir. 2016) (quoting *Johnson v. Weld Cty.*, 594 F.3d 1202, 1214 (10th Cir. 2010))

---

[1] In its Order Directing Plaintiffs to Show Cause, the Court provided notice to Plaintiffs that their claims may be barred by the doctrine of accord and satisfaction. (Doc. # 86 at 2.) Additionally, the Court provided Plaintiffs an opportunity to respond within 14 days. (*Id*.) Plaintiffs did, in fact, file a Response and supporting evidentiary exhibits. (Doc. # 87–90.) Therefore, the Court has satisfied the requirements of Rule 56(f)(3).

(citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720 (3d ed. 1998)).

### III. DISCUSSION

"An accord is a contract under which an obligee promises to accept a stated performance in satisfaction of the obligor's existing duty." *Mischek v. State Farm Mut. Auto. Ins. Co.*, No. 16-cv-03208-PAB-MLC, 2018 WL 1569754, at *4 (D. Colo. Mar. 30, 2018), *aff'd*, 770 F. App'x 917 (10th Cir. 2019) (quoting *R.A. Reither Constr., Inc. v. Wheatland Rural Elec. Ass'n*, 680 P.2d 1342, 1344 (Colo. App. 1984)). The obligor's "[p]erformance of the accord discharges the original duty." *Id*. (quoting *Reither*, 680 P.2d at 1344). Importantly, "Colorado law does not require a written release to settle claims." *Mischek*, 770 F. App'x 918. Rather, the Tenth Circuit has held that an accord and satisfaction is established when money is:

> offered in full satisfaction of [a] demand, and . . . [is] accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction, . . . such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions.

*Id.* (quoting *Pitts v. Nat'l Indep. Fisheries Co.*, 206 P. 571, 571 (Colo. 1922)).

The elements of an accord and satisfaction are: "(1) a bona fide dispute over an unliquidated claim amount; (2) a check tendered in full settlement of the claimed amount; and (3) acceptance of the payment." *Mischek*, 2018 WL 1569754, at *4 (quoting *Valley Asphalt, Inc. v. Stimpel Wiebelhaus Assocs.*, 3 F. App'x 838, 839–40 (10th Cir. 2001)). Where, as here, the relevant facts are not in dispute, the existence of an accord and satisfaction is a question of law that is conducive to summary adjudication. *Id*. (citations omitted).

In the instant case, the first and third elements of an accord and satisfaction are readily established. The parties disputed the amount due on Plaintiffs' claims, and Plaintiffs eventually accepted payment from Defendant for those claims after substantial negotiation efforts. Additionally, the second element is established because Defendant clearly informed Plaintiffs that payment was being tendered in settlement of their insurance claims, which included "applicable fees and adjustments." *E.g.*, (Doc. # 89-1 at 2). Within the context of a car insurance settlement, the only conclusion a reasonable jury could reach is that an insured would consider such an offer to be made "in full satisfaction of [a] demand." *Mischek*, 770 F. App'x 918 (citation omitted). Further, the record is devoid of any evidence which might suggest that Defendant's settlement offers were anything less than offers to discharge its obligations in full. Thus, as in *Mischek*, the fact that the parties did not execute a specific written release is "immaterial . . . ." *Id*.

Ms. McRae's assertion that she informed Defendant that "tags, registration, and other fees were not but should have [been] included in the [settlement] payment," does not create a genuine dispute of material fact. (Doc. # 89 at 3.) Ms. McRae's statement does not negate the fact that Plaintiffs accepted and cashed the settlement payments that Defendant tendered. *See, e.g., Valley Asphalt*, 3 F. App'x at 840 ("[R]etention of a check offered as payment in full constitutes assent to the accord and satisfaction even if the recipient of the check notifies the sender it is accepted only as a partial payment."); *Colorado Tent & Awning Co. v. Denver Country Club*, 176 P. 494, 494 (Colo. 1918) (accord and satisfaction established notwithstanding plaintiff's argument that payment was only a partial payment when "the plaintiff accepted, retained, and cashed the check in question with the knowledge that the same was tendered by the defendant on

condition of being a payment in full of the account between the parties."); *N. Am. Union v. Montenie*, 189 P. 16, 17 (Colo. 1920) (same). Therefore, Plaintiffs' claims are barred by the doctrine of accord and satisfaction.[2]

## IV. CONCLUSION

Based on the foregoing, the Court ISSUES summary judgment in favor of Defendant. It is

FURTHER ORDERED that Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Counsel (Doc. # 63) is DENIED AS MOOT.

The Clerk of the Court respectfully is directed to enter final judgment in favor of Defendant and against Plaintiffs.

DATED: July 30, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[2] The Court notes that Plaintiffs also raise a public policy argument that the statutory purpose of C.R.S. § 10-4-639(1) would be defeated if the doctrine of accord and satisfaction applies. (Doc. # 87 at 11.) However, the Tenth Circuit rejected a substantially similar argument in *Mischek*, 770 F. App'x 917, and for the same reasons, this Court is not persuaded by Plaintiffs' argument.